UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ROSS HARRINGTON,

                Plaintiff,        Case No. 5:17-cv-541 (DNH/DEP)

    - against -          **COMPLAINT**

CONDREN REALTY MANAGEMENT CORP.,    **JURY TRIAL DEMANDED**
CONDREN MANAGEMENT CORPORATION,
CLINTON PLAZA HOUSING CORP., CLINTON
PLAZA ASSOCIATES, L.P., and PATRICK
CHRISTOPHER,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff, ROSS HARRINGTON, by and through his attorneys, JTB LAW GROUP, LLC, as and for his Complaint against Defendants, CONDREN REALTY MANAGEMENT CORP., CONDREN MANAGEMENT CORPORATION, CLINTON PLAZA HOUSING CORP., CLINTON PLAZA ASSOCIATES, L.P., and PATRICK CHRISTOPHER, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary relief arising from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff worked for defendants from approximately 2012 until January 2016 as an hourly-paid maintenance worker at a residential apartment building located at 550 Clinton Street, Syracuse, New York, NY 13202 (hereinafter "the Clinton building").

3. Defendants' improperly compensated Plaintiff for hours he worked in excess of forty (40) hours in a workweek in the following two ways:

a. Paying Plaintiff a flat weekly rate for all work he performed outside of his regular work schedule, which Defendants designated "on-call" time (which amounted to up to 24 hours in a workweek). The FLSA requires such overtime hours to be paid at a premium rate of 1.5 times Plaintiff's regular rate of pay. 29 U.S.C. § 207(a)(1). Defendants' payment of a "flat rate is not an overtime premium" 29 C.F.R. § 778.311(a);

b. Although Defendants attempted to compensate some of Plaintiff's overtime hours with an hourly rate equal to 1.5 of his regular rate of pay, they improperly calculated this rate by failing to include the above-referenced flat rate for on-call time. This flat rate "must be included in the regular rate of pay." 29 C.F.R. § 778.311(a).

4. In addition, Plaintiff regularly worked approximately three (3) to four (4) hours a week off the clock for which he received no compensation.

5. Based on Defendants' foregoing violations of the FLSA, Plaintiff seeks unpaid overtime wages calculated at time-and-a-half of his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as well as liquidated damages, pre-judgment interest, attorneys' fees and costs.

6. Plaintiff seeks to hold all Defendants jointly and severally liable on the basis that at all relevant times, all Defendants comprised a single integrated enterprise with common ownership and management and interrelated operations.

## JURISDICTION & VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA, a federal statute.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

9. Defendant CONDREN REALTY MANAGEMENT CORP. is subject to personal jurisdiction in New York because it is a resident of New York.

10. Defendant CONDREN MANAGEMENT CORPORATION is subject to personal jurisdiction in New York because it is a resident of New York.

11. Defendant CLINTON PLAZA HOUSING CORP. is subject to personal jurisdiction in New York because it is a resident of New York.

12. Defendant CLINTON PLAZA ASSOCIATES, L.P. is subject to personal jurisdiction in New York because it is a resident of New York.

13. Defendant PATRICK CHRISTOPHER is subject to personal jurisdiction in New York because he is a resident of New York.

## THE PARTIES

14. Condren Realty Management Corp. was incorporated in 1980.

15. Condren Realty Management Corp. is registered as a domestic business corporation in Onondaga County, New York and with its Principal Executive Office located at 110 Managers Place, Syracuse, New York, 13029.

16. Condren Management Corporation was incorporated in 1967.

17. Condren Management Corporation is registered as a domestic business corporation in Nassau County, New York and with its Principal Executive Office located at 110 Managers Place, Syracuse, New York, 13029.

18. Clinton Plaza Housing Corp. was incorporated in 1972.

19. Clinton Plaza Housing Corp. is registered as a domestic business corporation in Onondaga County, New York and with its Principal Executive Office located at 110 Managers Place, Syracuse, New York, 13029.

20. Clinton Plaza Associates, L.P. was registered in New York in 1995.

21. Clinton Plaza Associates, L.P. is registered as a domestic limited partnership in Onondaga County, New York and with its mailing address at 110 Managers Place, Syracuse, New York, 13029.

22. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. employed Plaintiff as a single integrated enterprise.

23. Defendant Patrick Christopher is an executive officer with control over Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P.

24. At all relevant times, Defendant Patrick Christopher has been a resident of Onondaga County, New York.

25. At all relevant times, Plaintiff has been a resident of Onondaga County, New York.

26. Plaintiff has executed his consent to join form, attached hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

*Defendants' Business*

27. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

28. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. share a single mailing address located at 110 Managers Plaza, Syracuse, New York, 13209.

29. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P., have common management, ownership, and financial control, including sharing officers including Patrick Christopher.

30. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. jointly controlled, supervised, trained, hired, fired, and compensated the employees working at the Clinton building, including Plaintiff.

31. Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. were a single entity operating under different corporate forms.

32. Patrick Christopher, as an agent and/or officer of these entities controlled, hired, fired, and/or compensated the employees working at the Clinton building, including Plaintiff.

33. Patrick Christopher directed and instructed Plaintiff's managers regarding Plaintiff's work schedule and compensation.

34. Condren Realty Management Corp. and Condren Management Corporation managed the Clinton building.

35. Clinton Plaza Housing Corp. and Clinton Plaza Associates, L.P. owned the Clinton building.

36. In practice, Plaintiff experienced no distinction between the entities which owned the Clinton building and the entities which managed the Clinton building. They operated as one single entity.

37. Plaintiff's W2 statements indicate that he was paid by Clinton Plaza Associates, L.P., and identified 110 Managers Place, Syracuse NY 13209 as the "Employer's Address."

38. The Clinton building consisted of 305 residential units.

39. At all relevant times, Defendants' annual gross revenue exceeded $500,000.

40. At all relevant times, Defendants' had employees engaged in commerce, and handled goods that had been moved in or produced for commerce.

*Plaintiff's Employment*

41. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., Clinton Plaza Associates, L.P., and Patrick Christopher ("Defendants" or "Condren") employed Plaintiff as a maintenance technician from 2012 to approximately January 2016.

42. Defendants' managers told Plaintiff that he was an employee of "Condren."

43. Plaintiff was engaged in commerce, and handled goods that had been moved in or produced for commerce.

44. As a maintenance technician, Plaintiff's duties included cleaning, painting walls, plastering, tiling, appliance repair, pest control, plumbing, electrical, and general grounds-keeping.

45. Plaintiff's regular schedule consisted of five (5) shifts of eight-and-a-half (8.5) hours each, Monday through Friday, for a total of 42.5 hours per week.

46. On some days Plaintiff took an unpaid meal break of approximately thirty (30) minutes.

47. His regular hourly rate for these hours was twelve dollars per hour ($12/hr.).

48. Defendants also on occasion required Plaintiff to be "on-call" to perform work around the clock, seven (7) days a week outside of his regularly scheduled hours.

49. At the instruction of Defendant Patrick Christopher, Defendants' managers required Plaintiff to perform the aforementioned "on-call" work.

50. In weeks where Plaintiff was "on-call" he would work up to twenty-four (24) hours outside of his regular schedule. His tasks remained the same.

51. In weeks when Plaintiff was on-call, Defendants paid Plaintiff a flat rate of one-hundred twenty dollars ($120) to "compensate" him for being on-call.

52. Defendants did not pay Plaintiff a regular hourly rate or any overtime premium for hours he worked while on-call.

53. Defendants did not include the flat rate of $120 as part of Plaintiff's regular rate for the purpose of calculating his overtime rate.

54. Plaintiff also performed approximately three (3) to four (4) hours of additional work on Sundays outside of his regular hours, including cleaning and general grounds-keeping.

55. Plaintiff was not paid for the work he performed on Sundays.

56. As a result, there are weeks in which Plaintiff worked substantially in excess of forty (40) hours a week during his employment with Condren.

57. During some of the weeks in which Plaintiff worked in excess of forty (40) hours, Condren did not pay Plaintiff at the appropriate overtime rate.

58. At all times, Plaintiff was an employee who performed duties that are not exempt from the FLSA's overtime requirements.

59. Defendants were jointly responsible for controlling, supervising, and compensating Plaintiff with respect to his work at the Clinton building.

60. Condren did not pay Plaintiff on a salary basis.

61. Plaintiff's compensation did not include any guaranteed minimum amount of weekly pay.

62. Defendants knew or should have known that Plaintiff was performing work in excess of forty (40) hours per week without compensation because Defendants assigned Plaintiff to work duties on top of his regularly scheduled work week that consisted of at least forty (40) hours, Plaintiff frequently performed work outside of his scheduled shifts in ways that were apparent to his supervisors, and because Plaintiff spoke to his supervisors about his unscheduled work.

63. Defendants knew that Plaintiff was entitled to overtime pay for hours worked in excess of forty (40) per week at 1.5 times his regular rate. Defendants' failure to properly compensate Plaintiff was willful, deliberate, voluntary, and intentional.

64. In failing to compensate Plaintiff for all hours worked in excess of forty (40) hours per week at 1.5 times his regular rate of pay, Defendants did not have any reasonable belief that they were in compliance with the FLSA. Defendants' failure to properly compensate Plaintiff was not in good faith.

## COUNT I: FLSA VIOLATION
*29 U.S.C. § 207 - Failure to Pay Overtime Wages*

65. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

8

66. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified **at a rate not less than one and one-half times the regular rate** at which he is employed. (Emphasis added).

67. 29 C.F.R.§ 778.310 provides:

> A premium in the form of a lump sum which is paid for work performed during overtime hours does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis.

68. 29 C.F.R. § 778.311(a) provides:

> Flat rate is not an overtime premium. The same reasoning [as in § 778.310] applies where employees are paid a flat rate for a special job performed during overtime hours, without regard to the time actually consumed in performance. . . . **The total amount paid must be included in the regular rate**; no part of the amount may be credited toward statutory overtime compensation due. (Emphasis added).

69. Defendants required Plaintiff to work in excess of forty (40) hours per week.

70. Specifically, Defendants required Plaintiff to work a regular schedule consisting of 42.5 hours per week.

71. Defendants also on occasion required Plaintiff be "on-call" for which they paid Plaintiff a flat rate of $120 instead of paying Plaintiff overtime at time and a half his regular hourly rate.

72. Plaintiff worked up to twenty-four (24) hours outside of his regular schedule in weeks he was on-call.

73. The flat rate of $120 Defendants paid to Plaintiff each week for his on-call work does not qualify as the overtime premium required by the FLSA.

74. In violation of 29 C.F.R. § 778.311(a), Defendants did not include the $120 flat rate paid to Plaintiff for his on-call work into his regular rate of pay for the purpose of calculating his overtime rate.

75. Defendants also did not pay Plaintiff at all for approximately 3 to 4 hours of work Plaintiff performed most weeks outside of his regular schedule.

76. Defendants had knowledge of and benefited from this work Plaintiff performed without being compensated.

77. As a result of the foregoing, Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff at 1.5 times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

78. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

79. Because Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., Clinton Plaza Associates, L.P., and Patrick Christopher willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

80. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid wages, liquidated damages, costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

**COUNT II: JOINT AND SEVERAL LIABILITY**

81. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

82. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. share the same mailing address located at 110 Managers Place, Syracuse, New York, 13029.

83. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. have common management, ownership, and financial control, including sharing officers including Patrick Christopher.

84. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. jointly controlled, supervised, trained, hired, fired, and compensated the employees working at the Clinton building, including Plaintiff.

85. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. are a single integrated enterprise under federal common law.

86. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. are a single integrated employer of Plaintiff.

87. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. have jointly and severally violated the FLSA.

88. Defendants Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P. are jointly

and severally liability for unpaid wages, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees.

## COUNT III: INDIVIDUAL LIABILITY

89. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

90. *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) held that an individual officer of a company may qualify as an employer for the purpose of the FLSA and thus be held liable for damages.

91. Defendant Patrick Christopher possesses authority over management, supervision, and oversight of Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P.

92. Defendant Patrick Christopher had the power to hire and fire employees working for Condren Realty Management Corp., Condren Management Corporation, Clinton Plaza Housing Corp., and Clinton Plaza Associates, L.P.

93. Defendant Patrick Christopher controlled Plaintiff's work schedules and conditions of employment by requiring Plaintiff to work "on-call."

94. Defendant Patrick Christopher determined the rate and method of Plaintiff's payment in choosing to compensate Plaintiff at a flat rate of $120 for his "on-call" work.

95. As a result of the foregoing, Defendant Patrick Christopher is individually liable for unpaid wages, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) An order directing Defendants, at its own expense, to preserve and produce all tangible and electronic documents bearing on the employment and compensation of Plaintiff;

(B) Judgment for damages in the amount of all unpaid overtime compensation due under the FLSA;

(C) Judgment for liquidated damages pursuant to the FLSA;

(D) An order directing Defendants to pay Plaintiff's reasonable attorney's fees and all costs connected with this action;

(E) Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: May 15, 2017

RESPECTFULLY SUBMITTED,

*/s Jason T. Brown*
Jason T. Brown Bar Number: 4389854
Attorney for Plaintiff
JTB Law Group, LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302
Telephone: (877) 561-0000
Fax: (855) 582-5297
E-mail: Jtb@jtblawgroup.com